IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| MOISETTE SWEAT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. CBD-17-0756 |
| ) | |
| SUNTRUST BANK, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant SunTrust Bank, N.A.'s ("Defendant" or "SunTrust") Motion for Summary Judgment ("Motion") (ECF No. 33) requesting summary judgment be entered against Moisette Sweat, Terry Sweat, and Michael Wolff, Chapter 7 Trustee of the Bankruptcy Estate of Sweatism, LLC (collectively "Plaintiffs"). The Court has reviewed Defendant's Motion, related memoranda, and the applicable law. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court **GRANTS IN PART** Defendant's Motion.

I.  **FACTUAL BACKGROUND**

In January 2014, Mr. and Mrs. Sweat created a legal entity, Sweatism LLC. Dep. of M. Sweat, at 11:10-19 (ECF No. 33-2). During March of 2014, Plaintiffs decided to pursue the opening and operation of a restaurant, namely a Wing Heaven franchise. *Id.* at 29:2-30:7. In pursuing this venture, Mr. and Mrs. Sweat sought to obtain financial backing in the form of a loan from Defendant in the amount of $175,000.00. *Id.* at 23:12-20. After meeting with SunTrust loan officer Bolaji Obe in March 2014, Mr. and Mrs. Sweat decided to pursue a Small Business Administration ("SBA") loan through SunTrust. *Id.* at 40:14-15. On August 11, 2014,

1

Mr. and Mrs. Sweat submitted an SBA loan application on behalf of Sweatism, LLC. *Id.* at 56:10-57:19. On September 20, 2014, Ms. Obe sent an email addressed to Sweatism, LLC listing a number of concerns that Defendant had with Plaintiffs' SBA loan application. *Id.* at 64:11-65:6. Defendant ultimately did not extend the loan to Plaintiffs. *Id.* at 71:13-15.

On January 19, 2017, Plaintiffs filed suit against Defendant alleging two counts: first, a claimed violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, contending Defendant failed to provide an adverse action notice; and second, a claim of negligence contending Defendant failed to appropriately review Plaintiffs' loan application. Am. Compl. 5-6.

## II. STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is deemed genuine only if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is deemed material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Supreme Court has explained that the burden of proof lies with the movant to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to show an absence of evidence in the record as to an essential element of the claim or to present "specific facts showing that there is a genuine issue for trial." *Id.* at 324. A court reviewing a motion for summary judgment must view the evidence in the light most favorable to the party

2

opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

#### A. The Court cannot, as a matter of law, determine whether Defendant's email correspondence constituted a denial of Plaintiffs' SBA loan application.

Plaintiffs allege that Defendant failed to provide an adverse action notice as required by the ECOA. The ECOA provides that "it shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). The ECOA and its accompanying Regulation B, 12 C.F.R. § 202, contain notification requirements, specifically mandating "a creditor to provide written notice of any adverse action taken in connection with an application for credit within a certain timeframe and pursuant to certain content guidelines." *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. Ac. No. DKC-10-3517, 2012 WL 3985285, at *4 (D. Md. Sept. 7, 2012) (citing 15 U.S.C. § 1691(d)). Under Regulation B, "a creditor shall notify an applicant of action taken within 30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application." 12 C.F.R. § 202.9(a)(1)(i). Regulation B further requires that the adverse action notification provided to an applicant "shall be in writing and shall contain [1] a statement of the action taken; [2] the name and address of the creditor; [3] a statement of the provisions of § 701(a) of the Act; [4] the name and address of the federal agency that administers compliance with respect to the creditor; and [5] a statement of specific reasons for the action taken." *Id.* at § 202.9(a)(2). Indeed, "when a creditor fails to comply with these requirements, it is in violation of the ECOA, regardless of whether it engaged in any prohibited discrimination." *Coulibaly*, 2012 WL 3985285, at *4 (citations omitted).

Plaintiffs allege that Defendant failed to provide proper notification of any adverse action on Plaintiffs' SBA loan application. Am. Compl. 5. In support thereof, Plaintiffs urge the Court to consider the language of the September 20, 2014 email sent from Ms. Obe to Plaintiffs, specifically claiming that: (1) the email "lacked the technical requirements of an adverse action notice," noting that Defendant has admitted to this allegation; and (2), that the email "did not clearly and unequivocally inform Plaintiffs that the application had been denied. ECF No. 35-1, p. 5. Defendant instead asserts that the email sent to Plaintiffs was "in writing, explained the action taken, and provided a statement of specific reasons for the action taken," effectively claiming that three of the five factors set forth in Regulation B were met. ECF No. 33-1, p. 8. Defendant would have the Court consider the outcome in *Coulibaly* as precedent for granting summary judgment despite a finding that Defendant admits to a "technical violation of the ECOA." *Id.* at p. 9. The Court is not persuaded that the facts of this case mirror those presented in *Coulibaly*, where the defendant provided the applicant with a formal written denial which contained all of the requisite information under the ECOA. 2012 WL 3985285, at *5-6 (noting that the formal notice of denial was admittedly provided outside of the 30-day requirement).

Here, the Court is not persuaded as a matter of law that Defendant provided notification of an adverse decision. In looking to the language of the September 20, 2014 email correspondence, the Court is unable to conclude that Defendant provided Plaintiffs with a clear denial of the SBA loan application. Ms. Obe stated "[Teresa Rogers, the SBA loan officer] has quite a few concerns after reviewing the complete package . . . She said *unless we have ways of mitigating the concerns below*, we will not be able to proceed." ECF No. 33-3, p. 2 (emphasis

added). Considering the qualifying language, the Court is convinced that Plaintiffs have presented a genuine issue of fact as to whether Plaintiffs were denied funding.[1]

Accordingly, the Court finds that Plaintiffs have overcome their burden in identifying a genuine issue of material fact as to Defendant's failure to provide an express denial. Likewise, the Court finds that Plaintiffs have identified a genuine issue of material fact as to actual damages. *See infra* Part III(C). Therefore, the Court finds that summary judgment is inappropriate as to the ECOA claim.

### B. There is a genuine issue of material fact whether Defendant breached its duty to Plaintiffs by failing to exercise reasonable care in processing Plaintiffs' SBA loan application.

Plaintiffs claim Defendant was negligent in "failing to review Plaintiffs' loan application." Am. Compl. 6. Alleging a claim of negligence, a plaintiff must prove four elements: (1) that the defendant owed a duty to protect the plaintiff from injury; (2) that the defendant breached the duty; (3) that the plaintiff suffered damages; and (4) that the plaintiff's damages proximately resulted from the defendant's breach. *Hall v. Wash. Metro. Area Transit Auth.*, 679 F. Supp. 2d 629, 632 (D. Md. 2010) (citations omitted). "Negligence means doing something a person using reasonable care would not do, or not doing something a person using reasonable care would do." *Oliver v. Maxway Stores*, No. WGC-12-3033, 2013 WL 6091844, at *3 (D. Md. Nov. 2013) (citing *Maryland Civil Pattern Jury Instruction* 19:1). As Plaintiffs correctly point out, Maryland law has long established "a duty of reasonable care in the processing and determination of [a loan] application." *Jacques v. First Nat. Bank of Maryland*, 307 Md. 527, 528 (1986).

---

[1] While the Court is cognizant that Mrs. Sweat stated in her November 10, 2017 deposition that she assumed from the language of the email that Plaintiffs were not going to receive the loan, Plaintiffs have provided enough evidence for the trier of fact to decide if Defendant's email correspondence constituted a formal denial.

Defendant asserts that Plaintiffs' negligence claim is based on Plaintiffs failing to obtain an SBA loan. ECF No. 33-1, p. 11. While Plaintiffs make this statement in their Amended Complaint, the actual allegation is that Defendant failed to review Plaintiffs' loan application. Am. Compl. 6. This clarification is essential to deciding whether summary judgment is appropriate. Maryland law dictates that Defendant owed Plaintiffs a duty of reasonable care in processing the SBA loan application. *Jacques*, 307 Md. at 528. Defendant asserts that it met its burden by adequately reviewing and subsequently denying Plaintiffs' loan application. ECF No. 33-1, p. 12. Plaintiffs instead point to Ms. Obe's instructions requiring Plaintiffs to get registered with the franchise registry, and then urging them to incur additional debt as evidence of a breach of Defendant's duty. ECF No. 35-1, pp. 7-8. The Court is convinced that it is for the trier of fact to determine whether Defendant, acting in its capacity as a lender, acted in a way that a reasonable lender would not. Accordingly, the Court is inclined to deny summary judgment on the first and second factors of a negligence claim. The question thus becomes whether Plaintiffs suffered actual injury or loss, *and* whether that loss was proximately caused by Defendant's alleged breach.

### C. There is a genuine issue of fact whether Defendant's actions were the proximate cause of Plaintiffs' actual damages.

The ECOA provides that "any creditor who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for any actual damages sustained by such applicant." 15 U.S.C. § 1691e(a). "The actual damages recoverable under the ECOA 'may include out-of-pocket monetary losses, injury to credit reputation, and mental anguish, humiliation or embarrassment. . . . An injury resulting from an ECOA violation is not to be presumed, however; instead, actual damages 'must be specifically proven.'" *Coulibaly*, 2013 WL 3985285, at *6 (citing *Anderson v. United Fin. Co.*, 666 F.2d 1274, 1277-78 (9th Cir.

6

1982)).  Plaintiffs claim that they incurred significant out-of-pocket costs in their pursuit of the SBA loan, relying upon the urgings of Ms. Obe in expending $15,000 on the Wing Heaven franchise fee, $74,000 in purchasing a large truck, and more than $50,000 in retaining a contractor.  ECF No. 35-1, pp. 8, 10.  Specifically, Plaintiffs point to the deposition of Mrs. Sweat as evidence of reliance upon Defendant's instructions.  Dep. of M. Sweat, at 74:8-15 (stating that Plaintiffs paid the franchise fee with the understanding that Defendant "insisted" upon it as a requirement to approving an SBA loan); *Id.* at 107:1-109:15 (noting that Plaintiffs decided to purchase a $74,000 work truck to increase the loan amount as encouraged by Defendant).  However, while there is a question as to whether a proper adverse action notice was ever sent or received, the Court is unwilling to entertain Plaintiffs' claim that the out-of-pocket costs incurred in retaining a contractor were taken prior to Mrs. Sweat's understanding that the SBA loan had been denied.  *Id.* at 72:21-73:8, 120:9-121:7 (noting that an agreement with the general contractor had not been entered into prior to Plaintiffs understanding that the SBA loan had been denied).  As such, the Court is left to determine if the franchise fee and the truck purchase were: (1) actual damages, as defined by the ECOA and applicable law; and/or (2) losses which were proximately caused by Defendant's alleged breach.

The Court is cognizant that Plaintiffs admit that they were aware of the risk involved in opening a restaurant and willingly took that risk.  *Id.* at 24:21-25:15.  However, the Court cannot as a matter of law determine whether Plaintiffs would have incurred the out-of-pocket costs, absent reliance upon Defendant's urgings.  As such, the Court finds that Plaintiffs have overcome their burden in identifying a genuine issue of material fact in regards to actual damages incurred.[2]

---

[2] Due to there being a genuine issue of fact regarding damages, the consideration of reasonable attorney's fees is premature.  As such, the Court is unwilling to address the issue at this juncture.

7

### D. There is no genuine issue of material fact whether Defendant's actions were intentional.

The ECOA provides that "[a]ny creditor . . . who fails to comply with any requirement under this subchapter shall be liable to the aggrieved applicant for punitive damages in an amount not greater than $10,000." 15 U.S.C. § 1691e(b). "Despite the use of "shall," Sections 1691e(b) 'does not require an award of punitive damages for every violation of the Act." *Coulibaly*, 2012 WL 3985285, at *7 (citing *Anderson*, 666 F.2d at 1278). "Rather, punitive damages are appropriate 'if the defendant's conduct was wanton, malicious, or oppressive, or if the defendant acted in reckless disregard of the law.'" *Id.* (citing *Reynolds v. Reliable Transmissions, Inc.*, No. 09-238, 2010 WL 2640065, at *4 (E.D. Va. June 29, 2010)). In determining the amount of punitive damages to award, the ECOA instructs courts to consider, "among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional." 15 U.S.C. 1691e(b).

Plaintiffs do not provide any evidence to establish the frequency and persistence of failure by Defendant, nor do they allege that other persons suffered adverse effects because of Defendant's violations. Instead, Plaintiffs rely on the amount of their claimed damages, the resources of Defendant as a banking organization, and their belief that Defendant's violations were intentional. ECF No. 35-1, p. 10. As addressed above, there is a genuine issue of fact as to whether damages are warranted and "it cannot be concluded that a discretionary award of punitive damages is warranted on [Defendant's resources] alone." *Coulibaly*, 2012 WL 3985285, at *9. Thus, the Court is left to address Plaintiffs' allegation that Defendant's "reckless violation" was intentional. Plaintiffs rely on Ms. Obe's suggestions, as well as Defendant's lack

of a formal adverse action notice, as evidence of intentionality. However, viewing the evidence in a light most favorable to the nonmoving party and accepting Plaintiffs' assertions as fact, *arguendo*, the Court is not persuaded that Defendant's actions were intentional or committed in reckless disregard for the law. "Thus, at bottom, all Plaintiffs offer to support their allegations of intentionality are bald assertions that are insufficient to create a genuine issue of material fact as to whether [Defendant] deliberately violated the ECOA." *Coulibaly*, 2012 WL 3985285, at * 8. Accordingly, the Court finds that Plaintiffs have not presented a genuine issue of material fact, and summary judgment is appropriate as to punitive damages.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's Motion for Summary Judgment as to punitive damages, and **DENIES** Defendant's Motion as to all other issues raised.


September 6, 2018 /s/
Charles B. Day
United States Magistrate Judge

CBD/gbc